**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|                                      |   |                                 |
|--------------------------------------|---|---------------------------------|
|                                      | : |                                 |
| THOMAS C. WILLIAMS,                  | : |                                 |
|                    Plaintiff,        | : |                                 |
|                                      | : | CIVIL ACTION No. 11-3680(FSH)   |
|              v.                      | : |                                 |
|                                      | : |                                 |
| THE CBE GROUP, INC.,                 | : | **OPINION & ORDER**             |
|                                      | : |                                 |
|                    Defendant.        | : | Date: December 22, 2011         |
|                                      | : |                                 |

---

**HOCHBERG, District Judge**.

This matter comes before the Court upon a Motion for Judgment on the Pleadings

pursuant to Fed. R. Civ. P. 12(c), filed by Defendant, The CBE Group, Inc. ("CBE")[1].  The Court

has considered the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that Plaintiff filed a Complaint against Defendant, alleging violations of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.;[2] and

---

[1]  CBE is a debt collection agency hired to collect an alleged credit card debt from Plaintiff.
Plaintiff brings claims against Defendant under 15 U.S.C. §1692e and §1692g(b), claiming that
language in CBE's collection letter was intended to impart a threat whereby a debtor must pay
off a portion of his balance in order to prevent future collection letters and calls.  The substance
of Plaintiff's Complaint concerns the following sentence from the collection letter:  "To
prevent further phone calls and receiving future letters in regards to this matter please bring
your account current through one of the payment options below."

[2]  Plaintiff brings a claim primarily under §1692e with an alternative claim under §1692g.
Section 1692e broadly provides "[a] debt collector may not use any false, deceptive, or
misleading representation or means in connection with the collection of any debt."  15 U.S.C. §
1692e.  The subsections of §1692e then provide a non-exhaustive list of practices that fall
within the ban and it is further possible for practices that are not banned to still violate the
broad scope of §1692e.  *See Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997
(3d Cir. 2011).  Specifically, § 1692e(10) further prohibits "[t]he use of any false representation

it appearing that CBE now moves for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c);[3] and

it appearing that CBE asserts that the Complaint should be dismissed because the initial notice to Plaintiff complies fully with the FDCPA as it "does not overshadow and is not inconsistent with the validation notice," and the letter "is not false, deceptive or misleading;" and

---

or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff claims that §1692e is violated as CBE's collection letter was false and deceptive in that it intuited the only way to prevent future calls or letters was to pay the balance of the debt.

Section 1692g regulates the information that debt collectors must provide to alleged debtors. 15 U.S.C. § 1692g. Section 1692g requires debt collectors to provide a debtor with a written validation notice along with the collection letter, usually on the same page, that explains debtor's rights. Plaintiff's §1692g claim posits that the consumer's rights, shown in the validation statement on the collection letter, is overshadowed by, and inconsistent with, the language in the collection letter.

[3] Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Motions for Judgment on the Pleadings under Rule 12(c) are considered using the same standards as when considering Motions to Dismiss under Rule 12(b)(6). *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986); *Rivera v. City of Camden Bd. of Educ.*, No. 08-4306, 2009 WL 2001177, at *2 (D.N.J. July 10, 2009). To survive a Rule 12(b)(6) motion, and thus a Rule 12(c) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true," even if doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted). Further, "a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party." *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. PA. 1995) aff'd, 91 F.3d 125 (3d Cir. 1996) (citing *Janney Montgomery Scott, Inc. v. Shephard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993)). Although a court accepts as true the allegations in the complaint and all reasonable inferences that can be drawn therefrom and views them in the light most favorable to the plaintiff, a court does not credit a complaint's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989)).

it appearing that with respect to Plaintiff's claim pursuant to §1692e, a communication is misleading under the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate," *Rosenau v. Unifund Corp.,* 539 F.3d 218, 222 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006)); and

it appearing that, the legislature intended to "protect[ ] the gullible as well as the shrewd," *Brown,* 464 F.3d at 453 (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993)); and

it appearing that,  courts therefore examine the contents of a debt collection communication "from the perspective of the least sophisticated debtor," *Rosenau,* 539 F.3d at 221 (quoting *Brown,* 464 F.3d at 454); and

it appearing that while the "least sophisticated debtor" standard protects naive consumers, it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices," *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000); and

the Court finding that according to a "least sophisticated debtor" there could be more than one meaning of CBE's sentence in the collection letter which states that "[t]o prevent further phone calls and receiving future letters in regards to this matter please bring your account current through one of the payment options below"; and

the Court further finding that while viewing the facts in the light most favorable to the non-moving party, a "least sophisticated debtor" could interpret this language as meaning the *only* way to prevent future calls and letters *or* as one of *multiple* ways of preventing future collection efforts[4] and therefore Plaintiff will be permitted to proceed with his §1692e claim; and

---

[4] CBE's brief in support of the motion for judgment on the pleadings appears to concede this point: "CBE's letter presents Plaintiff with two options: (1) pay the debt and stop further

the Court further finding that with respect to Plaintiff's claim pursuant to §1692g,[5]

CBE's validation notice may have indeed been overshadowed by the collection letter, and

therefore Plaintiff will also be permitted to proceed with his claim under §1692g;

**IT IS** on this 22nd day of December 2011,

**ORDERED** that Defendant's Motion for Judgment on the Pleadings is **DENIED**.

<u>s/ Faith S. Hochberg</u>
Hon. Faith S. Hochberg, U.S.D.J.

---

telephone calls and letters, or (2) notify CBE within thirty days after receiving the collection letter that he disputes the validity of the debt."

[5]  The FDCPA mandates that debt collectors give alleged debtors a validation notice in writing that explains the debtor's rights under §1692g.  Here, Plaintiff claims that the validation notice is overshadowed and inconsistent with the collection letter.  When ascertaining the effectiveness of the validation notice under §1692g, the Court looks to the location, format, and physical structure of the notice in addition to its language.  *See, e.g.*, *Wilson v. Quadramed*, 225 F.3d 350, (3d Cir. 2000);  *see also Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) ("[N]otice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed.").  In the present matter, CBE's validation notice may be overshadowed by the collection letter because while the validation notice permits Plaintiff 30 days to dispute the claim, the collection letter seems to require payment immediately.

4