**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| THOMAS C. WILLIAMS, on behalf of himself and those similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE CBE GROUP, INC.,<br><br>    Defendant. | Civil Action No. **2:11-cv-3680-PS** |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*On the brief:*
Andrew R. Wolf, Esq.
Henry P. Wolfe, Esq.
Elliot M. Gardner, Esq.
Philip Stern, Esq.

The Wolf Law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900
Fax: (732) 545-1030

Philip D. Stern, Esq.
Philip D. Stern & Associates, LLC
Attorneys at Law
697 Valley Street, Suite 2d
Maplewood, NJ 07040
 (973) 379-7500

*Attorneys for Plaintiff and the putative class*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

   A. PROCEDURAL HISTORY ................................................................................ 1

   B. SUMMARY OF THE TERMS OF THE SETTLEMENT............................................ 1

      1. Definition of the Proposed Settlement Class ..................................... 1

      2. Benefits to the Settlement Class ........................................................ 2

      3. Release of Claims .............................................................................. 2

      4. Settlement Administration ................................................................. 2

      5. Proposed Award to Named Plaintiff ................................................. 3

      6. Attorney's Fees and Costs ................................................................. 3

   C. PROPOSED SCHEDULE .................................................................................. 4

II. LEGAL ARGUMENT.......................................................................................... 4

   A. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT ................................................................................................. 4

      1. Standards and Procedures for Preliminary Approval........................ 5

      2. The Settlement is Fair, Adequate, and Reasonable........................... 5

   B. INITIAL SETTLEMENT CLASS CERTIFICATION IS WARRANTED .................... 7

      1. The Elements of Rule 23(a) Are Satisfied ........................................ 7

         a. Numerosity......................................................................... 8
         b. Commonality...................................................................... 8
         c. Typicality............................................................................ 9
         d. Adequacy ......................................................................... 10

      2. The Settlement Class Satisfies Rule 23(b)(3) ................................ 11

   C. THE PROPOSED FORM OF NOTICE ADEQUATELY INFORMS THE SETTLEMENT CLASS ...................................................................................................... 13

III. CONCLUSION ................................................................................................. 14

## I.  INTRODUCTION

Plaintiff and Defendant having agreed to resolve the claims in this putative class action asserting claims under the Fair Debt Collection Practices Act (FDCPA), Plaintiff now moves for preliminary approval of the Class Action Settlement.

### A.  Procedural History

Plaintiff filed this action on June 24, 2011. Defendant filed an answer on August 8, 2011. Defendant subsequently moved for judgment on the pleadings, and the Court denied the motion in an order and opinion filed December 22, 2011. The parties thereafter began settlement negotiations and reached a settlement as to all issues other than attorneys' fees. Subsequently, the parties negotiated and agreed upon an amount for attorneys' fees. The final settlement agreement was signed on February 23, 2012. Wolf Decl. ¶6.

### B.  Summary of the Terms of the Settlement

#### 1.  Definition of the Proposed Settlement Class

The Settlement Agreement defines the Settlement Class as:

> All consumer debtors to whom The CBE Group, Inc. mailed a letter to a New Jersey address in connection with its attempt to collect on an EXXON MOBIL account for Citicorp Credit Services, Inc. (USA) which letter (a) was dated on or after June 24, 2010, (b) was not returned by the Postal Service as undeliverable, and (c) included the sentence "To prevent further phone calls and receiving future letters in regards to this matter please bring your account current through one of the payment options below."
>
> Specifically excluded from the Class are any Judge presiding over this Action and members of their immediate families.

Settlement Agreement at ¶1 (attached as Exh. A. to Wolf Decl.).

1

### 2. Benefits to the Settlement Class

Under the settlement, The Defendant agreed to establish a settlement fund in the amount of $63,750.00. The Defendant represents that there are approximately 1,700 Settlement Class members. Settlement Class members who do not opt-out of the settlement will each receive an equal share of the settlement fund, not less than $37.50 each. If it turns out that there are more than 1700 Settlement Class members, the settlement fund will be increased so that each member receives $37.50. A settlement administrator will mail checks to the class members without any claims process.

In the event that a settlement check is not deliverable to a member of the Settlement Class, a check is not cashed prior to its expiration date, or there otherwise is a balance left over in the settlement fund, then the remaining balance in the settlement fund would be paid to Legal Services of New Jersey as a *cy pres* award. Settlement Agreement at ¶2b.

### 3. Release of Claims

Upon final approval of the settlement, the class members who do not opt out will release claims relating to the factual allegations in Plaintiffs' complaint. See Settlement Agreement ¶3 for the full release language.

### 4. Settlement Administration

Under the Settlement Agreement, Defendant will pay all costs and expenses related to the administration of the settlement. The Settlement Administrator will mail the Notice, by first class United States mail, postage prepaid, to the last known address of each Settlement Class member. The parties are currently in the process of selecting a settlement administrator and will inform the Court of the proposed administrator in a supplemental submission on or before the return date for this motion.

The Settlement Administrator would update the addresses of those Settlement Class members as necessary by means of the National Change of Address Databank maintained by the U.S. Postal Service and/or other reasonable methods available to the Administrator prior to the initial mailing of the Notice and after receipt of returned undeliverable mailed Notices.  The Settlement Administrator will also update the addresses of those Settlement Class members as necessary after receipt of any returned undeliverable mailed relief checks.

The Settlement Administrator will provide counsel with a report regarding the number of checks cashed, the number of checks that remain uncashed and concerning the *cy pres* award.  The Settlement Administrator will also provide a certification confirming that the Settlement Administrator has complied with its duties under the Settlement Agreement.

### 5. Proposed Award to Named Plaintiff

Defendant has agreed to pay named the named Plaintiff $3,000 as an incentive award for his efforts on behalf of the class and to settle his own claims under the FDCPA. Settlement Agreement ¶4.

### 6. Attorney's Fees and Costs

Subject to Court approval, Defendants have agreed to pay Class Counsel $40,000 towards their reasonable attorneys' fees and expenses incurred in connection with this litigation, including the cost of administering this settlement. Class Counsel will make an application to the Court for an award of reasonable attorneys' fees and expenses incurred in connection with this litigation.  This payment will not reduce the benefits to the Settlement Class.  Settlement Agreement ¶7 (Exh. A to Wolf Decl.).

**C. Proposed Schedule**

The Parties have made an application that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the settlement and the parties have agreed to submit to the jurisdiction of the Magistrate Judge. for purposes of implementing and enforcing the settlement. See Document 26 (consent to magistrate jurisdiction). So that the Parties may effectuate the various steps in the settlement approval process under the Settlement agreement, Plaintiffs propose the Court adopt the schedule set forth below:

|   | Event | Proposed Timing |
|---|---|---|
| 1 | Initial Notice Date | No more than twenty (20) days after the entry Preliminary Approval Order |
| 2 | Deadline for Filing Requests for Exclusion | Five weeks after the Notice Date |
| 3 | Deadline for Filing Objections | Five weeks after the Notice Date |
| 4 | Fairness Hearing | No earlier than 110 days after entry of the Preliminary Approval Order, to allow time for the CAFA notice process. |

## II. LEGAL ARGUMENT

### A. The Court Should Grant Preliminary Approval of the Settlement Agreement

Plaintiff seeks preliminary approval of the Settlement Agreement. "Compromises of disputed claims are favored by the courts." Williams v. First Nat'l Bank, 216 U.S. 582, 595 (1910); In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 317 (3d Cir. 1998) ("Prudential II"). Settlement will spare the Parties the uncertainty, delay and expense of a trial, while simultaneously reducing the burden on judicial resources. As discussed below, at this stage of preliminary approval, there is clear evidence that the Settlement Agreement is well within the range of reasonableness and preliminary approval is warranted.

### 1.     Standards and Procedures for Preliminary Approval

Rule 23(e) of the Federal Rules of Civil Procedure sets forth the process for Court approval of a class action settlement:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Preliminary approval is appropriate when the proposed settlement was the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason. In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

### 2.     The Settlement is Fair, Adequate, and Reasonable

Before sending settlement class members notice, a Court will make a preliminary determination that will establish an initial presumption of fairness when the Court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3)

5

the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected. In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785, (3rd Cir. 1995).  *See also* Manual for Complex Litigation, Third, § 30.42 (West, 1995)("A class settlement may be presumed fair, adequate and reasonable if "reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.")

The Settlement Agreement reached in this matter meets this test.  The Agreement was reached as a result of extensive arm's-length negotiations between well-qualified counsel experienced in class actions and the Fair Debt Collection Practices Act.  The parties continued settlement discussions and ultimately drafted a settlement agreement based on Defendant's disclosures as to its net worth and the size of the class.  Wolf Decl. ¶6, Exh. A.

Here, the class claims were for statutory damages under the FDCPA.  There was no proof of actual damages for any class member.  Under the FDCPA, class-wide damages are limited to 1% of the defendant's net worth.  Defendant has represented that its net worth is approximately $9 million. The settlement amount thus represents more than 70% of the maximum possible recovery for the class — clearly a reasonable compromise.

Plaintiff's counsel, who are experienced in class actions and cases involving the FDCPA believe that the settlement is fair, adequate, and reasonable. Wolf Decl. ¶8.  The professional opinion of counsel involved in the litigation is entitled to "significant weight" in considering the fairness of a class action settlement.  Fisher Brothers v. Phelps Dodge Indus., Inc. 604 F. Supp. 446, 452 (E.D. Pa. 1985).

Continuing litigation instead of settling would take significantly more time and be expensive and burdensome, factors to be considered in evaluating a class action settlement.  Lake First Nat'l Bank, 900 F. Supp. 726, 732 (E.D. Pa 1995).  *See also* Weiss v. Mercedes-Benz of N. Am. Inc., 899 F. Supp. 1297, 1300-1301 (D.N.J. 1995)(burden on crowded court dockets to be considered).  In addition, in litigation there is no guarantee of success.  It is possible that Plaintiff would not have prevailed, as Defendant vigorously contested their claims.

**B.     Initial Settlement Class Certification Is Warranted**

"In certifying a class for settlement purposes, the Court must abide by the ordinary Rule 23 requirements...."  In re the Prudential Ins. Co. of Am., 962 F.Supp. 450, 508 (D.N.J.1997).  Rule 23(a) and (b) of the Federal Rules of Civil Procedure sets forth the requirements for the certification of a settlement class.  It is within the Court's discretion to determine whether the requirements of Rule 23 have been satisfied.  In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 299 (3d Cir.1998).

**1.     The Elements of Rule 23(a) Are Satisfied**

In order for a lawsuit to be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, a Named Plaintiff must establish each of the four threshold requirements of subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

7

Fed. R. Civ. P. 23(a). See, e.g., Barnes v. Am. Tobacco Co., 161 F.3d 127 (3d Cir. 1998); Prudential II, 148 F.3d at 308-09. Here, all four elements are easily satisfied.

### a. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Plaintiff is not required to come before the Court and detail, to the person, the exact size of the class or to demonstrate that joinder of all class members is impossible. "Impracticability does not mean impossibility." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.RD. 65, 73 (D.N.J. 1993) ("precise enumeration of the members of a class is not necessary."); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 405 (D.N.J. 1990) ("It is proper for the court to accept common sense assumptions in order to support a finding of numerosity.").

A class of 40 is presumed to be numerous. See, e.g., Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001) ("generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met"); Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity is presumed at level of forty class members). Courts have found numerosity for classes with as few as 18 members. *Cypress v. Newport News General and Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (class of eighteen satisfied numerosity). Here, Defendant disclosed that there are approximately 1,700 class members. Settlement Agreement ¶2. Numerosity is thus clearly satisfied.

### b. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." The commonality requirement is met if the plaintiffs' grievances share a common question of law or of fact. Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994). Rather than

8

requiring that all questions of law or fact be common, Rule 23 only requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

Plaintiffs are not required to show that all Class members' claims are identical to each other, as long as there are common questions at the heart of the case; "factual differences among the claims of the putative class members do not defeat certification." Baby Neal, 43 F.3d at 56; Prudential II, 148 F.3d 283. Indeed, a single common question is sufficient to satisfy the requirements of Rule 23(a)(2). *See* Herbert Newberg & Alba Conte, *Newberg on Class Actions*, *§ 3.10, at 3-50 (3d Ed. 1992)*; accord Baby Neal, 43 F.3d at 56.

Certification is appropriate where the class claims arise "from a 'common nucleus of operative fact' regardless of whether the underlying facts fluctuate over the class period and vary as to individual claimants." In re Asbestos Sch. Litig., 104 F.R.D. 422, 429 (E.D. Pa. 1984). "Common nuclei of fact are typically manifest where…defendants have engaged in standardized conduct towards members of the proposed class by mailing them allegedly illegal form letters or documents." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998) (A class action involving the FDCPA).

In the present case, the class claims are based on the same form letter sent to Plaintiff and the other members of the Settlement Class. Thus, identical questions of fact and law apply to the Plaintiffs and each member of the Settlement Class.

### c. Typicality

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. The commonality and typicality requirements of Rule 23(a) "tend to merge" Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157 n.l3 (1982).

9

> The requirement of this subdivision of the rule, along with the adequacy of representation requirement set forth in subsection (a)(4), is designed to assure that the interests of unnamed class members will be protected adequately by the named class representative.

Prudential II, 148 F.3d at 311; Bogosian v. Gulf Oil Corp., 561 F.2d 434 (3d Cir. 1977); Asbestos Sch. Litig., 104 F.R.D. at 429-30.

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Marisol A. v. Giuliani, 126 F.3d 372 (2d Cir.1997). "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and it is based on the same legal theory." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 923 (3d Cir. 1992). In other words, typicality is demonstrated where a plaintiff can "show that two issues of law or fact he or she shares in common with the class occupy the same degree of centrality to his or her claims as to those of unnamed class members." Weiss v. York Hosp., 745 F.2d 786, 809-10 (3d Cir. 1984).

The requirement is met here as the claims of Plaintiff and the Settlement Class all arise from the same form letter. Neither Plaintiff nor the class are seeking actual damages, only statutory damages. Plaintiff's claims are thus typical of the class's claims.

### d. Adequacy

The final requirement of Rule 23(a) is set forth in subsection (a)(4), which requires that "the representative parties will fairly and adequately protect the interests of the class." The Third Circuit consistently has ruled that the measure of adequate representation is dependent upon two factors, that:

> (a) the plaintiffs' attorney must be qualified, experienced and generally able to conduct the proposed litigation; and
> (b) the plaintiff must not have interests antagonistic to those of the class.

Weiss, 745 F.2d at 811, quoting Wetzel v. Liberty Mut. Ins. Co., 508 F.2d at 247; *see also* Prudential II, 148 F.3d at 312. These two components are designed to ensure that absentee class members' interests are fully pursued. The existence of the elements of adequate representation is presumed in the absence of evidence to the contrary. Asbestos Sch. Litig., 104 F.RD. at 430, citing Lewis v. Curtis, 671 F.2d 779 (3d Cir. 1982); Cook v. Rockwell Int'l Corp., 151 F.RD. 378, 386 (D. Colo. 1993).

Adequacy is easily met here. Since Plaintiff and the class have identical claims, Plaintiff has no interests opposed to those of the class. And Plaintiff's attorneys, proposed Class Counsel, have significant experience litigating consumer class actions and in matters involving the Fair Debt Collection Practices Act. Proposed class counsel have summarized their experience litigating class actions and matters involving the FDCPA. Wolf Decl. ¶¶9-13.

### 2. The Settlement Class Satisfies Rule 23(b)(3)

Plaintiff seeks certification of a class under Rule 23(b)(3) for settlement purposes only. The requirements for certifying a settlement class under (b)(3) are lessened compared to a litigation class. Since a settlement class would eliminate the need for a trial, the Court "need not inquire whether the case, if tried, would present intractable management problems". Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 620 (1997)

Rule (b)(3) requires that Court find that

> the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

11

> available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

The predominance inquiry examines "whether the proposed class is sufficiently cohesive to warrant adjudication by representation". In Re Community Bank of No. Va, 418 F.3d 277, 307-308 (3d Cir.2005) citing Amchem, 521 U.S. at 623-24, 117 S.Ct. 2231.  The "presence of individual questions ... does not mean that the common questions of law and fact do not predominate." Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir.1985).

As discussed in the sections on commonality and typicality, the claims brought by Plaintiff are identical to those of the Settlement Class that involve the same form letter. As such, common questions of law and fact predominate.  Superiority is also satisfied as the proposed settlement will provide settlement class members with the ability to obtain prompt, predictable and certain relief whereas individual litigation would provide no guarantee of relief at all. In addition, the nature of the claim makes it likely that many settlement class members are unaware that they have claims against Defendant, unless they have consulted with counsel. This settlement therefore likely represents the only chance for settlement class members to receive any relief at all for these claims.

**C.     The Proposed Form of Notice Adequately Informs the Settlement Class**

The Notice was drafted by Plaintiff's counsel who utilized the style and format of the template notices of proposed class action certification and settlement created by the Federal Judicial Center.  Wolf Decl. ¶7, Exh. B.  The Notice plainly explains its purpose, the nature of the settlement, and the rights of the Settlement Class members including the rights to opt-out, object, hire counsel, and attend the Fairness Hearing.  The Notice also clearly indicates the various deadlines, the date and location of the Fairness Hearing, how to obtain additional information, and the contact information of Class Counsel.

The proposed form of Notice satisfies the requirements of Rule 23(c)(2)(B) which requires that Notice to a (b)(3) class:

> clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Under the proposed settlement, members of the Settlement Class would receive notice of their rights via the proposed form of Notice, a copy of which is attached to the proposed form of Preliminary Approval Order as Exhibit A.  The Settlement

Administrator would send the notice to each Settlement Class member via first class mail based on the addresses contained within Defendants' records.

The Settlement Administrator will update the addresses as necessary by means of the U.S. Postal Service's National Change of Address Databank and/or other reasonable methods available to the Administrator prior to the initial mailing of the Notice <u>and</u> after receipt of returned undeliverable mailed Notices.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (1) conditionally certifying a class for the purposes of settlement pursuant to Rule 23(b)(3) and appointing Plaintiffs as Class Representatives and their counsel as Class Counsel; (2) preliminarily approving the proposed settlement; (3) directing notice to Settlement Class Members in the manner contemplated by the Settlement Agreement; (4) scheduling a final fairness hearing for the purpose of determining final approval of the parties' settlement.

Dated:  March 1, 2012　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ *Andrew R. Wolf*　　　　　　
　　　　　　　　　　　　　　　　　　　　Andrew R. Wolf, Esq.
　　　　　　　　　　　　　　　　　　　　Henry P. Wolfe, Esq.
　　　　　　　　　　　　　　　　　　　　Elliot M. Gardner, Esq.
　　　　　　　　　　　　　　　　　　　　The Wolf Law Firm, LLC
　　　　　　　　　　　　　　　　　　　　1520 U.S. Hwy 130 – Suite 101
　　　　　　　　　　　　　　　　　　　　North Brunswick, NJ  08902
　　　　　　　　　　　　　　　　　　　　Tel: (732) 545-7900; Fax: (732) 545-1030

　　　　　　　　　　　　　　　　　　　　Philip D. Stern, Esq.
　　　　　　　　　　　　　　　　　　　　Philip D. Stern & Associates, LLC
　　　　　　　　　　　　　　　　　　　　Attorneys at Law
　　　　　　　　　　　　　　　　　　　　697 Valley Street, Suite 2d
　　　　　　　　　　　　　　　　　　　　Maplewood, NJ 07040
　　　　　　　　　　　　　　　　　　　　 (973) 379-7500

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff and the putative class*