The Wolf Law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900
Fax: (732) 545-1030

Philip D. Stern, Esq.
Philip D. Stern & Associates, LLC
Attorneys at Law
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500

*Attorneys for Plaintiff and the putative class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| THOMAS C. WILLIAMS, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CBE GROUP, INC.,<br><br>Defendant. | Civil Action No. **2:11-cv-3680-PS**<br><br><br><br>**ORDER** |

**THIS MATTER** presented for hearing before the Honorable Patti Schwartz, U.S.M.J., in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to provisionally certify the Settlement Class, to address the appointment of Class Counsel and Class Representative, and to schedule a Fairness Hearing; and the Plaintiff and Settlement Class members being represented by Class Counsel and Defendant being represented by its attorneys;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the parties, having reviewed and considered the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement, and the declarations submitted in support of the motion, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. This litigation was commenced by Plaintiff in this Court, as a class action against Defendant.

2. In his class action Complaint, Plaintiff alleges that the Defendant violated the federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.), when it sent a form collection letter to Plaintiff and members of the putative class.

3. The Defendant has denied any and all liability alleged in the Complaint.

4. Defendant moved for judgment on the pleadings, and this Court denied said motion in an Order and Opinion filed December 22, 2011.

5. As a result of arm's-length negotiations between Class Counsel and Defendant's Counsel, Counsel for the Parties reached a settlement that provides, among other relief, monetary relief to the Settlement Class members.

6. The Parties now request approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

7. The Court has read and considered the Settlement Agreement, the Brief and certifications submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

8. The motion for Preliminary Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to comply with the schedule as set forth in this Order and according to the terms of the Settlement Agreement.

9. The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

10. Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class is certified for purposes of settlement:

> All consumer debtors to whom The CBE Group, Inc. mailed a letter to a New Jersey address in connection with its attempt to collect on an EXXON MOBIL account for Citicorp Credit Services, Inc. (USA) which letter (a) was dated on or after June 24, 2010, (b) was not returned by the Postal Service as undeliverable, and (c) included the sentence "To prevent further phone calls and receiving future letters in regards to this matter please bring your account current through one of the payment options below."
>
> Specifically excluded from the Class are any Judge presiding over this Action and members of their immediate families.

11. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

  a. The members of the above defined class are so numerous that joinder of all members is impracticable.

  b. There are questions of law and fact common to the Settlement Class.

  c. The claims of the Class Representative (appointed below) are typical of the claims of the Settlement Class.

  d. The Class Representative fairly and adequately represents the interests of the Settlement Class. There are no conflicts of interest between the Class Representative and members of the Settlement Class.

      `e.` Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Class.

      `f.` Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

12. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement is fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

13. Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff Thomas C. Williams fairly and adequately represents and protect the interests of the Settlement Class and appoints him as Class Representatives.

14. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Andrew R. Wolf, Esq. of the Wolf Law Firm, LLC and Philip D. Stern, Esq. of Philip D. Stern and Associates as Settlement Class Counsel.

15. The Settlement Agreement provides in part for Defendants to (1) establish a settlement fund in the amount of $63,750; (2) pay Plaintiff's reasonable counsel fees, costs and expenses and the Class Representative's incentive payment, as provided by the Court; and (3) pay the costs of administration of the settlement and Notice to the Class.

16. The Court approves _____ as the Settlement Administrator. The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

17. No later than five (5) days after the entry of this order, Defendant shall provide Settlement Administrator and Class Counsel with an electronic database containing the

identifying information of Settlement Class Members as well as a Certification of Due Diligence pursuant to the Settlement Agreement, unless they have already been provided.

18. The costs of administering the settlement, including but not limited to, printing the Notice, updating the database and mailing the Notice and, thereafter, issuing and mailing the settlement checks shall be paid exclusively by Defendant and such payment shall not reduce or diminish in any way Defendant's obligations to the Settlement Class as identified in the Settlement Agreement.

19. The Court finds that the mailing and distribution of the Settlement Class Notice attached hereto as **Exhibit A** in the manner set forth herein and the Settlement Agreement is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

20. The Settlement Administrator shall cause the Notice to be postmarked and mailed to all Settlement Class members in accordance with the terms of the Settlement Agreement in substantially the same form as **Exhibit A**, no later than twenty (20) days after the entry of this Order.

21. By no later than thirty (30) days prior to the date of the Fairness Hearing, the Settlement Administrator shall file with the Court and provide copies to Class Counsel and Defendant's counsel one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement.

22. Any Member of the Settlement Class may elect to be excluded from the Settlement and from the Settlement Class by opting out of the Settlement Class. Those who desire to exclude themselves must submit to the Settlement Administrator at the address set forth in the Notice a

signed Request for Exclusion that includes their name and a statement requesting exclusion from the Settlement Class in accordance with the terms set forth in the Settlement Agreement. To be effective, a Request for Exclusion must be received by the Settlement Administrator by no later than 5:00 p.m., Eastern Standard Time, _____ (the date five (5) weeks after the deadline for mailing the Notice as set forth in ¶21).

23. By no later than thirty (30) days prior to the date of the Fairness Hearing, the Settlement Administrator shall: (a) deliver to Class Counsel and to Defendant's counsel copies of any and all Requests for Exclusion that have been received by the Settlement Administrator and the Settlement Administrator's determinations whether each Request for Exclusion was timely received and (b) notify in writing any Class Member for whom the Settlement Administrator has determined that a Request For Exclusion received from the Class Member was not timely received.

24. All Class Members who do not submit a valid and timely Request for Exclusion excluding themselves from the Class shall be bound by the terms of this Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class. All those who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement. Any member of the Settlement Class who excludes himself or herself from the Settlement Class cannot formally object to the terms of the settlement.

25. Class Counsel shall file and serve its application for attorney's fees and expenses by no later than ten (10) days prior to the date of the Fairness Hearing.

26. Defendant shall provide the Notices required by The Class Action Fairness Act (CAFA) (28 U.S.C. §1715) no later than 10 days after the entry of this order.

27. A Fairness Hearing shall be held before this Court at _____ a.m. or p.m., on _____ (the day at least 110 days after the entry of this order or sometime that week), in Courtroom _____ at the United States Courthouse, District of New Jersey, , Newark, New Jersey on the proposed Settlement including: a) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; b) to decide the amount of reasonable attorney's fees and costs to be awarded to Class Counsel; and c) whether to approve the incentive award to Plaintiff. This hearing may be adjourned from time to time without further or prior notice by oral announcement by the Court or by written order.

28. Any Member of the Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representative incentive payment provided, however, no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to Class Counsel, Defendants' Counsel and the Court in the manner described in the Notice.

29. Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court. To be effective, a written objection must contain a concise statement of each objection being made; a detailed description of the facts underlying each objection; a detailed description of the legal authorities underlying each

objection; a statement of whether the objector intends to appear at the Fairness Hearing; a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits, and it must be received by the Court, Class Counsel and Defendants' counsel by no later than 5:00 p.m., Eastern Standard Time, on _____(the date five (5) weeks after the deadline for mailing the Notice as set forth in ¶21).

30. In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in the Settlement Agreement is not met, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights of Defendants to, among other things, (i) oppose any subsequent efforts by the Class Plaintiff to certify this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Settling Class.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. PATTY SCHWARTZ
UNITED STATES MAGISTRATE JUDGE